**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

KONSTANTINE PANTAS,

        Plaintiff,

vs.                                      Case No. 6:12-cv-227-Orl-37KRS

GUARDIAN LIFE INSURANCE
COMPANY OF AMERICA,

        Defendant.

**ORDER**

This cause is before the Court on the following:

1. Plaintiff's Motion to Accept Disclosure of Expert Witness Report of Plaintiff's Expert Dr. Sally Russell (Doc. 55), filed January 18, 2013;

2. Defendant's Response to Plaintiff's Motion to Accept Disclosure of Expert Witness Report of Plaintiff's Expert Dr. Sally Russell (Doc. 58), filed January 31, 2013;

3. Defendant's Motion to Exclude the Expert Report and Testimony of Plaintiff's Expert Dr. Sally Russell (Doc. 59), filed February 1, 2013;

4. Defendant's Motion to Exclude the Expert Report and Testimony of L. Stuart Cody (Doc. 60), filed February 1, 2013;

5. Plaintiff's Opposition and Response to Defendant's Motion to Exclude the Expert Report and Testimony of L. Stuart Cody and Plaintiff's Request for Oral Argument and to Conduct a *Daubert* Hearing (Docs. 80, 81), filed February 15, 2013;

6. Plaintiff's Opposition and Response to Defendant's Motion to Exclude the

       Expert Report and Testimony of Plaintiff's Expert Dr. Sally Russell and Plaintiff's Request for Oral Argument and to Conduct a *Daubert* Hearing (Docs. 82, 83), filed February 15, 2013;

7. Defendant's Combined Motion for Leave to File Reply and Response to Plaintiff's Opposition to Defendant's Motion to Exclude the Expert Testimony and Report of Dr. Sally Russell and Plaintiff's Request for Oral Argument and to Conduct a *Daubert* Hearing (Docs. 84, 85), filed February 25, 2013; and

8. Defendant's Motion for Enlargement of Time to Respond to Plaintiff's Motion for Summary Judgment Pending Rulings on Plaintiff's Motion to Accept Expert Witness Report of Dr. Sally Russell and of Guardian's Motion to Exclude Expert Testimony and Report of Sally Russell (Doc. 86), filed February 25, 2013.

In this action, the parties dispute whether Plaintiff, who was employed as a lawyer, is entitled to receive benefits under a disability income insurance policy issued by Defendant. Among other things, Plaintiff proffers the testimony of two expert witnesses, Dr. Sally Russell and L. Stuart Cody, in support of his claims. Dr. Russell is a neuropsychologist (Doc. 59, p. 2), and Plaintiff offers her opinion on the issue of conducting an independent medical exam in the presence of a video camera, stenographer, or a third party (Doc. 55, p. 2). Mr. Cody is a vocational rehabilitation expert (Doc. 60, p. 1), whose opinion Plaintiff offers to show Plaintiff's "inability to function as a trial attorney" (Doc. 81, p. 1).

Plaintiff moves this Court to "accept" the disclosure of Dr. Russell. (Doc. 55.) Defendant contends that Dr. Russell's expert report was untimely and constituted an

incomplete disclosure of her opinions. (Doc. 58.) This is not the first time this particular dispute has been addressed by the Court. Last December, Defendant moved to preclude the testimony of Dr. Russell based on the late disclosure of her opinions. (Doc. 39.) The parties apparently had agreed that Plaintiff need not disclose his expert witness reports on the date set in the Court's case management and scheduling order. (Doc. 51, p. 2.) Defendant moved to preclude Dr. Russell's opinions once it learned that her report would not be complete until shortly before the discovery deadline. (*Id.*)

The Magistrate Judge held a hearing on Defendant's motion, at which time the parties presented arguments relating to the timing of the disclosure. (*Id.*) Although the Magistrate Judge found that Dr. Russell's opinions were not timely disclosed, she fashioned an equitable solution that allowed Plaintiff to serve an expert report of Dr. Russell on the issue of conducting an independent medical exam in the presence of a video camera, stenographer, or third-party observer. (*Id.* at 4.) The Magistrate Judge also directed Plaintiff to file a motion to accept the out-of-time disclosure of Dr. Russell's expert report once the report was served on Defendant, addressing the issue of harm or prejudice. (*Id.*)

The Case Management and Scheduling Order specifically informs the parties that its deadlines "are not advisory but must be complied with absent approval of the Court." (Doc. 23, p. 4.) In other words, the parties may not agree to disregard the Court's case management deadlines. Without casting blame on either party, it is clear from the record that neither party appreciated the scope and nature of their "agreement." Because of this failure, and because the parties agreed to modify the Court's deadlines in violation of a court order, the inevitable motion practice which the Court's order is designed to avoid ensued. The Court can put aside that part of the

problem, however, because the Magistrate Judge permitted the out-of-time disclosure of Dr. Russell's expert opinion. (*See* Doc. 51.)

As noted by the Magistrate Judge in her order, the question that remains is whether the failure to disclose Dr. Russell's opinion was harmless. (*Id.* at 3.) Defendant contends that it is harmed because Dr. Russell's opinion unfairly rebuts the opinion of one of its experts. (Doc. 58, pp.4–5.) Defendant also argues that it is harmed because Dr. Russell is advocating a position in this case that is different than a position that she took in a previous case and that it did not have a sufficient opportunity to question Dr. Russell at her deposition. (*Id.* at 5–6.) The Defendant also asserts that the belated disclosure by Dr. Russell does not comply with Rule 26. (Doc. 58, pp. 7–10.)

Upon consideration, the Court reluctantly grants Plaintiff's motion to accept the late disclosure of Dr. Russell. Dr. Russell's disclosure is clearly not in compliance with Rule 26(2)(B). The disclosure failed to contain a description of the facts or data reviewed by the expert. The report does not disclose what scientific literature or resources she reviewed and relied upon, if any, in support of her opinion. In addition, the submission includes information in which the expert concedes that she herself will not conduct a neuropsychological evaluation with video equipment present in the absence of a court order that includes numerous stipulations. Her report fails to address whether she considered any information as to whether such stipulations were a part of the analysis of the reasonableness of the refusal of the Guardian examiner to conduct the examination without videography equipment being present. Accordingly, the report was not only untimely but also deficient.

The Court must now balance the harm of this deficient disclosure against the extreme sanction of disallowing the witness entirely. The Defendant availed itself of the

4

opportunity to depose Dr. Russell on January 15, 2013. While Defendant contends that the deposition was too short, the Court has reviewed the transcript and it appears the limited issue of the propriety and reasonableness of the presence of a videographer at the requested pre-suit examination was sufficiently addressed to offset the extreme sanction of disallowing the witness. While the irony of penalizing the Defendant for pursuing its discovery options against a late and deficient disclosure is not lost on the Court, this opportunity militates against any prejudice resulting from the late and deficient disclosure of Dr. Russell's opinion. *See, e.g.*, *Ferguson v. Bombardier Servs. Corp.*, 244 F. App'x 944, 950 (11th Cir. 2007) (holding that the district court did not err when it permitted an expert report after the discovery deadline but approximately eight months before trial because the opposing party had "ample time to prepare" for the expert's testimony and suffered no prejudice). Dr. Russell's opinion will be limited to that disclosed as related to the presence of videography at a neuropsychological examination. Accordingly, the Court will permit the report and reserve for later a determination as to whether Dr. Russell's opinion meets the *Daubert* standards for admissibility, as discussed in more detail below.

Defendant moves to exclude the testimony of Dr. Russell and Mr. Cody. (Docs. 59, 60.) Defendant contends that Dr. Russell's opinions are unreliable and therefore inadmissible. (Doc. 59.) Defendant contends that Mr. Cody's opinions do not fall within his area of expertise. (Doc. 60, pp. 9–10.) Defendant also argues that Mr. Cody's opinions are unreliable and not based on a sufficient foundation. (*Id.* at 10–12.) Plaintiff opposes Defendant's motions and asks the Court to hold *Daubert* hearings. (Docs. 80–83.) In response, Defendant asks for leave to file additional briefing on the issue (Docs. 84, 85) and requests that an extension of its deadline to respond to Plaintiff's motion for

summary judgment (Doc. 86).

The Court concludes that holding separate pretrial *Daubert* hearings is unnecessary and would not be an efficient use of judicial resources. Therefore, the Court will take under advisement Defendant's motions to exclude the testimony of Dr. Russell and Mr. Cody along with the pending cross-motions for summary judgment. The parties should brief the cross-motions for summary judgment including the disputed testimony. The Court will determine the extent, if any, the disputed testimony will be considered when ruling on the cross-motions for summary judgment. The Court will not grant leave for further briefing on the *Daubert* issues; the parties may present such arguments in their responses to the cross-motions for summary judgment if they so choose. Should the Court deny the Defendant's request to exclude the testimony of Mr. Cody, the Defendant will be afforded the opportunity to disclose a rebuttal expert, should it so choose. The Court will not grant the parties an extension of time to file their responses to the pending cross motions for summary judgment because such an extension would reduce the time available to the Court to consider the pending motions before the final pretrial conference.

Accordingly, it is hereby **ORDERED and ADJUDGED**:

1. Plaintiff's Motion to Accept Disclosure of Expert Witness Report of Plaintiff's Expert Dr. Sally Russell (Doc. 55) is **GRANTED**.

2. Defendant's Motion to Exclude the Expert Report and Testimony of Plaintiff's Expert Dr. Sally Russell (Doc. 59) is **TAKEN UNDER ADVISEMENT**.

3. Defendant's Motion to Exclude the Expert Report and Testimony of L. Stuart Cody (Doc. 60) is **TAKEN UNDER ADVISEMENT**.

4. Plaintiff's Requests for Oral Argument and to Conduct a *Daubert* Hearing (Docs. 80, 81) are **DENIED**.

5. Plaintiff's Requests for Oral Argument and to Conduct a *Daubert* Hearing (Docs. 82, 83) are **DENIED**.

6. Defendant's Combined Motions for Leave to File Reply (Docs. 84, 85) are **DENIED**.

7. Defendant's Motion for Enlargement of Time (Doc. 86) is **DENIED**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on February 28, 2013.

*[signature]*

ROY B. DALTON JR.
United States District Judge

Copies:
Counsel of Record